**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JOHN W. PEROTTI, ) | CASE NO.  1:04CR276 |
| ) | (1:08CV2478) |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | **MEMORANDUM OPINION** |
| ) | |
| _____ ) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Docket #206). For the reasons set forth below, Petitioner's Motion is DENIED.

**Factual and Procedural Background**

At approximately 2:30am on July 9, 2003, Petitioner drove an Oldsmobile into a small tree. The vehicle sustained left front fender and bumper damage, while Petitioner suffered a head injury. Lakewood (Ohio) police officers stopped and questioned Petitioner and searched the vehicle. The search produced an SKS assault rifle. Petitioner was arrested, checked for driving under the influence and taken to the hospital by ambulance to treat his head wound. He was charged with carrying a concealed weapon and with possession of a weapon under disability by

both Lakewood and Cuyahoga County. He was confined in lieu of bail until February 2004, when the Cuyahoga County prosecutor dismissed the charges.

On May 22, 2004, a Federal grand jury in the Northern District of Ohio returned a one-count Indictment charging Petitioner with being a convicted felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Attorney William McGinty was his counsel at arraignment, where US Attorney Sharon Long made clear that the government may charge Petitioner as an armed career criminal (ACCA) upon locating a copy of his third violent conviction. McGinty withdrew from the case, and on July 9, 2004, the court appointed Terry Gilbert to represent Petitioner. On September 22, 2004, the grand jury returned a superseding indictment. On October 19, 2004, the United States filed its notice to subject Petitioner to the sentencing enhancement of Title 18, United States Code Section 924(e), Armed Career Criminal.

The court conducted a suppression hearing on October 21, 2004, and denied the motion to suppress on January 13, 2005. Jury trial began on January 25, 2005, and concluded on January 27, 2005. Throughout the proceedings, Petitioner filed multiple *pro se* pretrial and post-trial motions, including a motion to represent himself at the sentencing hearing. On September 16, 2005, the Northern District of Ohio sentenced Petitioner to a term of imprisonment of 210 months.

Petitioner appealed the district court decision. On April 5, 2007, the United States Court of Appeals for the Sixth Circuit issued a mandate affirming the judgment of the district court.

On December 3, 2008, Petitioner filed a Motion to Vacate, *pro se*, challenging his conviction and sentence. Petitioner puts forth the following grounds for relief:

1. His 6th Amendment right to effective assistance of counsel was violated when court-appointed trial counsel failed to clearly and timely communicate the terms of a plea offer, which was subsequently withdrawn.
2. He was denied the right to testify by his trial counsel and the court during pre-trial and trial proceedings.
3. He was compelled to represent himself at sentencing as an alternative to unresponsive appointed counsel.
4. His trial counsel failed to put forward a positive case at the suppression hearing.
5. His appellate counsel failed to adequately investigate and litigate the appeal, orally arguing a case that had been reversed by the Sixth Circuit.

On September 9, 2009, the Government filed its Response in Opposition to Motion to Vacate (Docket #211). The Government asserts that Petitioner was not subject to ineffective assistance of counsel because he failed to establish that his attorney's performance was deficient and prejudiced the defense. The record indicates that Petitioner was aware of his right to testify and thoroughly discussed the risks of self-representation with the court.

## Discussion

Title 28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

### I. Ineffective Assistance of Counsel.

Petitioner has laid out ineffective assistance claims against both his trial and appellate

counsel. In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court established the requirements for an ineffective assistance of counsel claim:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

"Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. In order to show that his attorney's performance was deficient, a defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In order to satisfy the requirement of prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reviewing court must ensure that "every effort is made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* At 689. The standards outlined in *Strickland*, apply to Petitioner's claims against both his trial and appellate counsel. *Lewis v. United States*, No. 98-6140, 1999 WL 623350, at *3 (6th Cir. Aug. 9, 1999) (citing *Bowen v. Holtz*, 763 F.2d. 191, 194 (6th Cir. 1985)).

In order to prevail on his ineffective assistance of counsel claims, Petitioner must rebut the presumption that his attorneys' representation was reasonable. Specifically, he must prove that his attorneys' representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy.

As accurately discussed by the Government, Petitioner has failed to present evidence to support his claim that counsel was ineffective and that he suffered prejudice as a result of the performance of counsel.  Petitioner submits only self-serving, conclusory statements regarding the alleged deficiencies of Counsel.  The record in this case shows active and appropriate representation by Counsel and there is no evidence that any of the alleged actions or inactions of Counsel would have resulted in a different outcome in this case.  While Petitioner makes several arguments regarding deficiencies in the performance of Counsel, the Court has conducted a careful and thorough review of the record and the materials submitted by the Parties and finds no basis for his claims.

In order to demonstrate that Petitioner's Sixth Amendment rights were violated by errors of counsel, there must be a breakdown in the adversarial process that affects the fundamental fairness of the trial and the reliability of the result. *Strickland v. Washington*, 466 U.S. 668, 696 (1984). Petitioner's bare allegations are insufficient basis for his claims; "the petition must be accompanied by a detailed and specific affidavit which shows the petitioner has actual proof of the allegations going beyond mere unsupported assertions." *Barry v. United States*, 528 F .2d 1094, 1101 (7th Cir. 1976). Petitioner has failed to show that he received ineffective assistance of counsel as alleged in his motion for relief.

Throughout the proceedings, Petitioner has taken issue with many of the actions taken by his counsel. He unsuccessfully argues that Counsel failed to promptly notify him of a plea offer. On July 27, 2004, the Government informed him of the plea offer at a pretrial hearing, and clearly stated that they would move forward with the superseding indictment as soon as proof was obtained for his other predicate offenses. Petitioner was aware of these circumstances, and

5

knew the Government wished to file the superseding indictment, after which the plea offer would no longer be extended.

Petitioner's own exhibit indicated that he did discuss the plea offer with his counsel. In a letter dated September 3, 2004, trial counsel writes, "You contend I have...attempted to push a deal on you." (Terry Gilbert Correspondence, September 3, 2004, *Exhibit A*.) Petitioner's counsel informed him of and urged him to accept the plea offer. Even if Counsel did not notify Petitioner in a timely fashion, Petitioner was reluctant to accept the plea offer. The second element of the *Strickland* test was not met. According to this test, in the context of a plea "offer", there must be a reasonable probability that the petitioner would have pleaded. Since he continued to assert his innocence, he would not be reasonably likely to accept an agreement that involved a jail sentence. The outcome of the case does not turn on counsel's correspondence with Petitioner regarding the plea offer. Petitioner's first claim is denied.

While Petitioner's second claim addresses his constitutional right to testify, his third, fourth, and fifth claims all take issue with the actions of his counsel. Petitioner's third claim asserts that he was compelled to represent himself due to unresponsive counsel. This claim is not supported by any evidence. Petitioner contends that his attorney refused to file motions on his behalf. However, as an officer of the Court, his counsel could only make good faith filings pursuant to Rule 11. The record indicates that Defendant expected his counsel to violate rules of the court on his behalf. Petitioner repeatedly filed *pro se* motions on his own behalf, raised issues inappropriate to the matter at hand, and conducted ex parte communications with the Court while being represented by counsel. Defendant was warned for his conduct several times, and given the record, it is clear that any rule-abiding counselor would be deemed ineffective by this defendant.

Furthermore, Defendant incorrectly compares his case to *United States v. Salemo*, a case in which the defendant intelligently chose to proceed without counsel. Unlike the independent and competently made decision in *Salemo*, Petitioner engaged in an extensive discussion with the court to determine to proceed to sentencing without counsel. The Court stressed the defendant's right to counsel and acknowledged the importance of an advocate's presence to address the complexity of sentencing.  Petitioner was informed about the risks of self-representation, and even discouraged from representing himself. His third claim is denied.

Petitioner argues that Counsel failed to put forward a positive case at the Suppression Hearing. He does not prove that the defense counsel's alleged "deficient performance prejudiced the petitioner so seriously that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the [Suppression Hearing] would have been different.'" *Brown v. United States*, No. 06-1388, 2008 WL 244435 at *1 (6th Cir. January 29, 2008)(citing *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).  Petitioner claimed his counsel was ineffective for not introducing or investigating additional evidence. He failed to show that additional evidence would supplement his case and alter the outcome. The Sixth Circuit has held that counsel's "failure to present additional mitigating evidence that is 'merely cumulative' of that already presented does not establish prejudice." *Durr v. Mitchell*, 487 F .3d 423, 436 (6th Cir. 2007), citing *Clark v. Mitchell*, 425 F .3d 270, 286 (6th Cir. 2005). Defense Counsel's trial strategy was reasonable and failure to include additional evidence does not amount to ineffective assistance of counsel. Also, Defendant's clear lack of cooperation with his counsel weighs against the claim.

Petitioner enumerates specific ways in which his counsel failed to put forth a positive case: 1) Counsel did not present evidence contradicting the Government's argument that

7

Defendant's vehicle was inoperable; 2) Counsel failed to a) visit the crime scene, b) listen to Defendant's advisement, c) have the DNA Expert and Investigator visit the crime scene, and d) provide contradictory evidence as to the vehicle's location in a "no parking zone" 3) failed to argue that Defendant's Miranda rights were violated; 4) failed to present other available evidence such as witness testimony and a chronology regarding Defendant's alcohol consumption and the time of the accident; 5) failed to subpoena the ambulance attendant and the hospital nurse to show Defendant was never incoherent or unconscious, and 6) did not know the relevant federal law regarding the possession of ammunition. All of these arguments fail.

      The operability of the vehicle is irrelevant because police officers had to call an ambulance to take Petitioner to the hospital for his head injuries. Police officers have a duty to ensure that an injured party is promptly taken to a hospital where necessary treatment can be given. *Rich v. City of Mayfield Heights*, 955 F .2d 1092, 1097 (6th Cir. 1992). Subsequently, the vehicle would have been towed regardless of operability, and the officers lawfully conducted an inventory search in connection with towing the vehicle. Probable cause also existed to search the vehicle. The police officer knew Petitioner was a felon, and plain view observance of ammunition on the floor of the car warranted the search.

      Defendant's arguments that counsel failed to visit the crime scene, listen to his advisement, have a DNA expert visit the crime scene, and provide evidence to contradict his vehicle's location make no showing that such actions would change the outcome of the case, nor does any evidence suggest the defense counsel utilized an unreasonable trial strategy.

      Petitioner argues that Counsel failed to address a violation of the defendant's Miranda rights. However, the record shows that Counsel questioned the arresting officers at the Suppression Hearing about whether any attempt was made to advise the defendant of his

Miranda rights; Defendant's argument that counsel failed to advocate on this issue is contrary to the record and clearly without merit.

Defendant does not indicate the other witness testimony that should have been presented, nor does he indicate that the outcome of the Suppression Hearing would have been different, if such evidence had been introduced. Regarding Petitioner's potential intoxication during the incident, Counsel was not deficient in failing to subpoena the ambulance attendant and the hospital nurse to show Petitioner's coherence. Officers decided his head injury required medical attention, and regardless of Defendant's consciousness, police officers would have sent him to the hospital, and searched and towed his vehicle.

Finally, Defendant contends that counsel did not know the relevant federal law regarding ammunition possession. This claim is without merit because the defendant fails to prove that had the counsel argued the law differently, the outcome of the proceeding would have been different. Petitioner's fourth claim and all of its additional contentions are denied.

Petitioner's fifth and final claim (his 2nd claim is addressed below) was that his appellate counsel was ineffective by arguing case law that had been reversed by the Sixth Circuit. Regardless of the case used by his counsel, the jury did not believe the defendant's theory of the case. Petitioner did not prove that the outcome of the appeal would have been different, had his appellate counsel argued different case law. Defendant does not prove prejudice in relation to counsel's representation on appeal. Petitioner's fifth claim is denied. Defendant failed to meet the burden of proof in all of his ineffective counsel claims.

**II.    Right to Testify**

The Petitioner alleges that he was deprived of the constitutional right to testify, and that counsel was deficient for failing to call Petitioner to take the stand. This argument is without merit because the record indicates that he discussed with his counsel whether Petitioner would testify.

The Sixth Circuit has stated that, "unless a defendant alerts the court that he wishes to testify or that there is a disagreement with counsel regarding his testifying, we presume he has waived his right to testify." *United States v. Bass*, 460 F .3d 830, 839 (6th Cir. 2006). In *Bass*, the court held that where a defendant has acknowledged to the court that he understood his right to testify and subsequently did not testify, there was no ineffective counsel for failure to call defendant to testify because he made his own choice not to testify. *Id*.

At the Suppression Hearing, counsel was prepared and discussed Petitioner's option to testify, at which time he opted not to take the stand. Petitioner's trial counsel was not deficient, but rather protected the best interest of his client by notifying the court, on the record, that the defendant was tired and uncomfortable testifying that day.

Petitioner further argues the defense counsel infringed upon his ability to testify by not requesting the exclusion of Defendant's prior convictions. This argument is without merit, since the court clearly notified defense counsel that they would allow the Government to cross-examine Defendant on his prior convictions. (R. Vol. 3 at 353). In an effort to avoid the exposure of prior convictions, Counsel utilized an undoubtedly reasonable trial strategy by having the defendant refrain from testifying. Additionally, and contrary to Defendant's contention that he wanted to testify, the Record shows that he did not want to testify if the government was allowed to cross-examine him regarding prior convictions. Counsel's strategy was neither ineffective nor

infringing upon his client's right to testify. Defense counsel even advised the defendant on the Record not to testify, upon which the court stated, "I don't want to see a motion under 2255 telling me he didn't tell you this." (R.Vol. 3, at 453.)

Defendant incorrectly argued that the court erred in allowing the government to present to the jury the fact of his prior convictions.  The court weighed all of the facts and circumstances, as well as, the probative value of such a cross-examination against its prejudicial effect. (R. Vol. 4, at 450). It is clear that the Court considered whether presenting the prior convictions would be more prejudicial than probative and concluded that doing so would be more probative. Petitioner's second claim for relief is denied.

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack*, 529 U.S. at 484.  Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and that reasonable jurists could debate whether the district court was correct in its procedural ruling.  *Id*.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*.

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

12

**Conclusion**

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (Docket #206) is DENIED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

    IT IS SO ORDERED.


                                                     _/s/Donald C. Nugent_
                                                     DONALD C. NUGENT
                                                     United States District Judge

DATED:__June 2, 2011___