UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Plaintiff, | ) | CASE NO.1:04 CR 276 |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| JOHN W. PEROTTI, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Mr. Perotti's Motion to Correct Sentence Under Rule 35(A). (ECF #263). The Government filed an Opposition to that motion. (ECF #268). Mr. Perotti did not file a Reply brief.

Mr. Perotti was originally sentenced on September 28, 2005 to 210 months in prison based on a finding that he was an Armed Career Criminal under the Armed Career Criminal Act's ("ACCA") residual clause. (ECF #188). After the United States Supreme Court declared the residual clause to be unconstitutionally vague in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. Perotti was re-sentenced. The re-sentencing took place on April 13, 2016, and he was sentenced to "time served." Mr. Perotti filed an appeal of this sentence on May 18, 2016.[1] The instant motion to correct sentence was filed on May 23.

---

[1] The Sixth Circuit Court of Appeals subsequently found that because he has already been released from federal custody and he has not identified another legally cognizable continuing adverse consequence, Mr. Perotti's appeal as moot. (ECF #271).

Mr. Perotti claims that he is entitled to relief under Fed. R. Crim. P. 35(a) because his "time served" exceeded the newly-applicable ten year statutory maximum for his underlying conviction. Federal Rule of Criminal Procedure 35(a) permits a court "14 days after sentencing . . . [to] correct a sentence that resulted from arithmetical, technical, or other clear error." Rule 35 is incorporated in 18 U.S.C. §3582(c)(1)(B), making the included time restriction a statutory time limit. *United States v. Garcia*, 312 F. App'x 801, 805 (6th Cir. 2009). Statutory time limits are generally considered to be jurisdictional in nature. *Bowles v. Russell*, 551 U.S. 205 (2007). Mr. Perotti did not mail his motion to the Court for filing until thirty-six days after his revised judgment was entered. Therefore, the 14 day time limit precludes this Court from revising Mr. Perotti's sentence under Fed. R. Civ. P. 35(a). *United States v. Hall*, 661 F.3d 320 (6th Cir. 2011).

Mr. Perotti also seeks a correction to the Court's judgment which indicates that he was convicted of being a "felon in possession of a firearm," when in fact, he was convicted of being a "felon in possession of ammunition." The government acknowledges that the jury verdict shows Mr. Perotti was indeed convicted of possession of ammunition and not of a firearm. Therefore, under Fed. R. Crim. P. 36, the Court hereby exercises its authority to make this clerical correction to the most recent judgment issued in Mr. Perotti's case.

For the reasons set forth above, Mr. Perotti's motion (ECF #263) is GRANTED in part, and DENIED in part. The Court cannot make a correction to the length of Mr. Perotti's sentence under Fed. R. Crim. P. 35(a), but will, pursuant to Fed. R. Civ. P. 36, correct the clerical error in the judgment relating to the basis for his conviction. IT IS SO ORDERED.

    /s/ Donald C. Nugent  
DONALD C. NUGENT  
DATED: September 5, 2017    United States District Judge